(No. 3048—

JAMES B. EMERICK, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant alleges in his complaint that during the years 1933, 1934 and 1935 he was the owner of a Plymouth sedan automobile; that in each of such years he filed with the Secretary of State his application for registration of such automobile, in which application he set forth that the horsepower of such automobile was 26.00; that as a matter of fact the horsepower of such automobile was 23.44; that by reason of his error as above set forth, he was required to pay $4.00 in each of such years in excess of what he should have paid, and asks for a refund of the amount of such excess, to wit, $12.00.

The Secretary of State had no knowledge of the horsepower of such automobile other than the statement contained in claimant's application. The registration fee imposed by such Secretary was based upon the application filed by the claimant, and was strictly in accordance with the statute. The only error in connection with the matter was the error of the claimant as above set forth.

In the case of *Butler Company* vs. *State,* No. 2500, decided at the present term of this court, we held that where an illegal or excessive tax is paid voluntarily and with a full knowledge of all the facts, it cannot be recovered. However, where payment of such tax is made under a mistake of fact, it may be recovered.

In the case of *Western Dairy Co.* vs. *State,* No. 2916, also decided at the present term of this court, we held that where an illegal or excessive tax is imposed by reason of the negligence or inadvertence of the taxpayer, and thereafter paid by him, such payment is not made under a mistake of fact, and therefore cannot be recovered.

The registration fee in question in this case was not paid under a mistake of fact within the legal meaning of such words, and therefore claimant is not entitled to an award.

Award denied. Case dismissed.